IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. 0076-07






PERRY LEE WOOTEN, Appellant



v.



THE STATE OF TEXAS





ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW


FROM THE THIRTEENTH COURT OF APPEALS


HARRIS COUNTY





 Cochran, J., filed a concurring opinion to the Court's decision to refuse
the Appellant's petition for discretionary review.


O P I N I O N 



 I concur with the Court's decision to refuse appellant's petition for discretionary
review. I disagree with the ultimate conclusion by the court of appeals (1) that the trial court
did not abuse its discretion in limiting defense counsel to a twenty-minute closing argument,
Wooten v. State, No. 13-03-229-CR (Tex. App. - Corpus Christi November 30, 2006) (not
designated for publication). But appellant could not plausibly show harm under TRAP
44.2(a) because: (1) he wanted only one more minute in which to complete his argument, (2)
he failed to place on the record what additional argument he would have made, and (3) as the
court of appeals noted, "[o]ne defense counsel even stated to the trial judge that argument
did not assist the jury." Apparently, defense counsel did not, at the time, think that this
limitation was particularly damaging to his client. Nonetheless, I am concerned about the
trial court's crabbéd interpretation of the value of closing argument in focusing a jury on the
relevant legal principles and evidence in a trial.

 This was a six-day trial. Twenty-three witnesses testified. According to the court of
appeals, "almost 1000 exhibits" were introduced. 

 But, after all this time, effort, and testimony, the trial court couldn't spare more than
twenty minutes per side for closing arguments? What else is so pressingly important that
a trial judge is willing to risk retrying the entire case simply to save a few minutes? Some
might call this penny-wise and pound-foolish.

 In Dang v. State, 154 S.W.3d 616 (Tex. Crim. App. 2005), we reversed the
defendant's conviction when this same trial judge limited the defense attorney's closing
argument to twenty minutes. Appellant in this case claims that "declaring this act of judicial
arbitrariness to be harmless would encourage the trial judge to repeat it with impunity in
future cases." (2) However this case was tried in 2003, almost two years before our decision
in Dang, thus the trial judge could not have repeated his "Dang" error with impunity because
he was not yet on notice that arbitrarily limiting counsel's closing arguments to twenty
minutes in a complex or lengthy felony trial may well be an abuse of discretion. Trial judges
are on notice now.

Filed: May 9, 2007

Do Not Publish

 
1. The court of appeals noted:

 * "It is perplexing why after six days of trial and twenty-three witnesses, the
trial court could not indulge the defendant one additional minute."

 * "Our review of the closing argument suggests that indeed both the quantity of the
evidence, including almost 1000 exhibits, and duration of the trial would suggest
to most objective onlookers that the request for one more minute was not
unreasonable and should have been granted."

 * This panel would agree that subjectively that additional time should have been
granted."

 * "The trial court's actions once again precipitously approaches the outer limits of
reasonableness."

I think the court of appeals is too charitable. These actions fell over the precipice and into the
chasm of abuse of discretion.
2. Appellant's Petition at 12-13.